*Court of Common Pleas, Dauphin County, February 1st, 1855.*

SHELL *v.* THE COMMISSIONERS OF DAUPHIN COUNTY.

The court will refuse a mandamus, where the party against whom it is prayed denies that he owes the money, to compel the payment of which the writ was demanded. His right must first be established by an action.

BY THE COURT.—To the application of the plaintiff for a mandamus on the defendants, commanding them to draw their warrant on the treasurer of Dauphin county for the payment of certain costs claimed by him as late sheriff, the defendants have answered under oath that they, as commissioners, owe the plaintiff nothing; that all accounts between him and Dauphin county for fees were regularly settled. This answer is an ample bar to the plaintiff's demand for a mandamus, which is a high prerogative writ, and only intended to be used or resorted to when every other means to obtain justice is precluded. In the Commonwealth *v.* Rosseter et al. (2 Binney, 360) it is said: "To found an application for a mandamus there must be a specific legal right, as well as the want of a specific legal remedy, and courts of justice uniformly refuse such application when the party has another completer remedy." In 10 S. & R. 317, it is decided that a mandamus will not be granted against the commissioners of a county to pay a disputed account until the amount due is ascertained by an action against them in their corporate capacity. The same doctrine is reiterated in Hester's case (2 W. & S. 416), and the general principles contained in 2 Binney already recited reaffirmed in 1 H. 72.

The claimant has a plain remedy against the county by a common-law action, in which this amount due him, if anything, will be determined by a jury; after which this court will have the power to oblige the commissioners to pay him by issuing a writ of mandamus, if necessary.

The application for a peremptory mandamus is refused, and the proceedings dismissed at the cost of the plaintiff or petitioner.

*Bishop, for plaintiff.*

*Mumma, for defendant.*